**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Jessee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 4904 |
| | ) | |
| LVNV Funding, LLC, a Nevada limited liability company, and Allied Interstate, Inc., a New York corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Jessee, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Mary Jessee ("Jessee"), is a citizen of the State of Pennsylvania, from whom Defendants attempted to collect a delinquent consumer debt owed for a Chase Bank credit card, which was then allegedly owed to a bad debt buyer, LVNV Funding, LLC.  These collection actions took place despite the fact that she had told the

Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant, Allied Interstate, Inc. ("Allied"), is a New York corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Allied operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Allied was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants LVNV and Allied are each authorized to conduct business in

the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, LVNV and Allied both conduct extensive business in Illinois.

8. Moreover, Defendants LVNV and Allied are each licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, LVNV and Allied both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Jessee is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Chase Bank credit card. At some point in time after that debt became delinquent, Defendant LVNV bought Ms. Jessee's Chase Bank debt. When Defendant LVNV began trying to collect this debt from her, by having another debt collector, Weltman, Weinberg & Reis ("WWR"), demand payment of the debt, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and LVNV's collection actions.

10. Accordingly, on April 30, 2010, one of Ms. Jessee's attorneys at LASPD informed Defendant LVNV, in writing, through its agent, WWR, that Ms. Jessee was represented by counsel, and directed LVNV to cease contacting her, and to cease all further collection activities because Ms. Jessee was forced, by her financial circumstances, to refuse to pay her unsecured debt.

11. Moreover, in response to further collection activity, on March 10, 2011, Ms. Jessee's attorneys at LASPD informed both WWR and LVNV that they must cease

collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Nonetheless, despite being advised that Ms. Jessee was represented by counsel and refused to pay the debt, Defendant LVNV, this time through Defendant Allied, sent another collection letter to Ms. Jessee, dated May 11, 2011, which demanded payment of the Chase debt. A copy of this letter is attached as Exhibit D.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letters from Ms. Jessee's agent/attorney, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibits D), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-15.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Jessee was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant LVNV, in writing, that Ms. Jessee was represented by counsel, and had demanded a cessation of communications with Ms. Jessee.  By sending a collection letter (Exhibit D) to Ms. Jessee, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Mary Jessee, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jessee, and against Defendants for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Jessee, demands trial by jury.

                              Mary Jessee

                              By: /s/ David J. Philipps
                              One of Plaintiff's Attorneys

Dated: July 20, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com